IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK TODD McCLELLAN<br>   a/k/a Frank Neeszy,<br><br>                    Petitioner,<br><br>       v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | )<br>)<br>)<br>)<br>)    2:04cv1791<br>)    2:03cr5<br>)<br>)<br>) |

### MEMORANDUM ORDER

Before the Court is a certified order from the United States Court of Appeals for the Third Circuit remanding this matter to the District Court for the sole purpose of either issuing a certificate of appealability or stating reasons why a certificate of appealability should not issue. Crim. Doc. No. 78.

Background

On November 22, 2004, petitioner Frank Todd McClellan ("McClellan") filed a Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Crim. Doc. No. 48.  On February 4, 2005, the Court appointed James W. Kraus, Esquire to represent McClellan.  On June 27, 2005, the Court conducted an evidentiary hearing on the Petition.  The central issues at the hearing were whether Thomas Patton, Assistant Federal Public Defender ("Attorney Patton"), who represented McClellan during the sentencing phase of the underlying criminal proceeding, rendered ineffective assistance of counsel due to 1) his failure to adequately prepare for the sentencing hearing, 2) his failure to challenge the application of the career offender guideline, 3) his failure to argue in favor of a downward departure from the career offender guideline, and 4) his failure to file a notice of appeal after the sentencing hearing, contrary to the constitutional protections afforded by *Strickland v. Washington*, 466 U.S. 668 (1984) and *Roe v. Flores-Ortega*, 528 U.S. 470 (2000).   On November 11, 2005, the Court entered Findings of Fact, Conclusions of Law and an Order of Court which denied the Petition. Crim. Doc. No. 72.  In its opinion, the Court found that McClellan had not established that he was

entitled to relief on any of the issues raised in the Petition and/or at the hearing.  The Order of Court stated that "[a] certificate of appealability is **DENIED** as Frank Todd McClellan has not made a substantial showing of a denial of a constitutional right."

Discussion

Third Circuit Local Appellate Rule 22.2 provides, in relevant part, as follows:

> At the time a final order denying a petition under 28 U.S.C. § 2254 or § 2255 is issued, the district judge shall make a determination as to whether a certificate of appealability should issue.  If the district judge issues a certificate, the judge shall state the specific issue or issues that satisfy the criteria of 28 U.S.C. § 2253.  If an order denying a petition under § 2254 or § 2255 is accompanied by an opinion or a magistrate judge's report, it is sufficient if the order denying the certificate references the opinion or report.

Third Circuit LAR 22.2.

The Third Circuit has provided the following guidance with regard to certificates of appealability:

> A [certificate of appealability] may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  If "a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In addition, a [certificate of appealability] must "indicate which specific issue or issues satisfy" that standard. 28 U.S.C. § 2253(c)(3).

*Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004), *cert. denied*, 125 S. Ct. 2516 (2005); *see also Szuchon v. Lehman*, 273 F.3d 299, 312 (3d Cir. 2001).

The gravamen of McClellan's Petition was that he was denied his constitutional right to effective assistance of counsel.  In the Findings of Fact and Conclusions of Law, the Court considered and rejected, on the merits, each of McClellan's specific claims that he was unconstitutionally denied the effective assistance of counsel at the sentencing phase of the underlying criminal proceeding.[1]  For the following reasons, a certificate of appealability should not issue in this matter.  First, McClellan's contention that Attorney Patton was ineffective because

---

[1] Despite the denial of McClellan's Petition, the Court recognizes and appreciates the quality representation provided to him by Attorney Kraus in this matter.

he failed to adequately prepare for the sentencing hearing is belied by the fact that "Mr. Patton thoroughly researched McClellan's case and the potential arguments available to him prior to sentencing," and by the fact that "Mr. Patton also met with McClellan and discussed the application of the career offender guideline with him 'on numerous occasions' prior to sentencing." Findings of Fact at ¶¶ 6-7 (citation omitted).  Second, McClellan's contention that Attorney Patton was ineffective for having failed to challenge the application of the career offender guideline was found to be without merit.  As the Court observed, "Mr. Patton clearly had no basis in fact or law to challenge the application of USSG § 4B1.1 to McClellan," and "even if Mr. Patton were deficient in failing to so argue, McClellan has not demonstrated actual prejudice because the argument surely would not have prevailed." Conclusions of Law at ¶ 9.  Third, McClellan's contention that Attorney Patton was ineffective because he failed to argue in favor of a downward departure from the career offender guideline was likewise without merit.  In this case "Mr. Patton clearly had no reasonable basis in fact or law to argue that McClellan should receive a downward departure pursuant to USSG § 4A1.3(b)(1)," and "even if Mr. Patton were somehow deficient in failing to so argue, McClellan has not demonstrated actual prejudice because the failure to raise the issue had no adverse effect on McClellan's defense, *i.e.*, the argument would not have prevailed." *Id*. at ¶ 10.  Finally, McClellan's contention that Attorney Patton was ineffective because he failed to file a notice of appeal after the sentencing hearing was also rejected.  As the Court observed, "[t]he credible evidence of record reflects that Mr. Patton consulted with McClellan about an appeal and McClellan indicated that he did not wish to appeal," and "[a]ssuming, *arguendo*, that Mr. Patton did not consult with McClellan about whether to appeal, McClellan has nevertheless failed to demonstrate that Mr. Patton's performance was deficient." Conclusions of Law at ¶ 11-12.  In the Court's view a certificate of appealability should not issue as to any of the issues raised by McClellan because reasonable jurists would not find the Court's ruling on McClellan's constitutional claims to be debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

      NOW THEREFORE, this 8th day of December, 2005, for the foregoing reasons it is hereby ORDERED, ADJUDGED and DECREED that no certificate of appealability should issue

as to any of the issues raised in this matter as petitioner Frank Todd McClellan has not made a substantial showing of a denial of his constitutional right to effective assistance of counsel.

                              BY THE COURT:

                              s/ Terrence F. McVerry
                              United States District Court Judge

cc:    Almon S. Burke, Jr., AUSA
        Email: almon.burke@usdoj.gov

        James W. Kraus, Esquire
        Email: jkraus@psmn.com